IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CARLEE HOUSTON, | : | |
| Plaintiff, | : | Civil Action File No. |
| | : | |
| vs. | : | |
| | : | |
| SIMPLICITY HEALTHCARE MANAGEMENT, LLC and VALERIE RACHEL, | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

Plaintiff Carlee Houston ("Houston") brings this Complaint against Defendants Simplicity Healthcare Management, LLC ("Simplicity"), Valerie Rachel ("Rachel") (collectively "Defendants"), and shows the Court as follows:

## 1.  INTRODUCTION

1.

This is a wage and hour case. Simplicity operates a home health care business in the Atlanta metropolitan area. Houston is a certified nursing assistant. Simplicity employed her in this capacity from on or about March 1, 2020 through December 31, 2021 (the "Relevant Time Period"). Defendants failed to treat the time Houston spent traveling between patients' residences as compensable. Although Houston's actual compensable work time exceeded 40 hours each week, Simplicity failing to

1

pay her both minimum wage and an overtime premium as required by the Fair Labor Standards Act.

2.

In addition to her federal causes of action, Houston asserts pendent state law claims which arise out of the same set of operating facts as her federal claims. These are (1) breach of contract, (2) quantum meruit and (3) promissory estoppel.

(a) **Jurisdiction and Venue**

3.

This Court has subject matter jurisdiction over the present action under 29 U.S.C. § 216(b) and 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Simplicity conducts business in Georgia, within this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

(b) **The Parties**

5.

Plaintiff Houston resides in Fayette County, Georgia.

6.

Simplicity employed Houston as a certified nursing assistant from on or about March 1, 2020 through December 31, 2021.

7.

At all times material hereto, Houston has been an "employee" of Simplicity within the meaning of 29 U.S.C. § 203(e)(1).

8.

Simplicity is a domestic limited liability company organized under the laws of the State of Georgia.

9.

At all times material hereto, Simplicity was an "employer" of Houston within the meaning 29 U.S.C. §203(d).

10.

Simplicity is subject to the personal jurisdiction of this Court.

11.

Simplicity may be served with process through its registered agent Valerie Rachel located at 8486 Park Ridge Lane, Riverdale, Georgia 30274.

12.

At all times material hereto, Houston was an "employee" of Rachel within the meaning of 29 U.S.C. § 203(e)(1).

13.

Rachel resides in Clayton County, Georgia.

14.

At all times material hereto, Rachel was an "employer" of Houston within the meaning of 29 U.S.C. §203(d).

15.

Rachel is subject to the personal jurisdiction of this Court.

16.

Rachel may be served with process at 8486 Park Ridge Lane, Riverdale, Georgia 30274 or wherever she may be located.

**(c) Enterprise Coverage:**

17.

Throughout the Relevant Time Period, Simplicity was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A)(i) and (ii) and (s)(1)(B).

18.

Throughout 2020, Simplicity had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

19.

Throughout 2021, Simplicity had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

20.

Throughout the Relevant Time Period, Houston and other employees of Simplicity handled goods which moved in interstate commerce in the furtherance of the commercial purpose of Simplicity including, but not limited to, residential and office furniture, phones, computers, and office supplies.

21.

Throughout 2020, Simplicity had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

22.

Throughout 2021, Simplicity had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.

Throughout 2020, Simplicity had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

24.

Throughout 2021, Simplicity had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

25.

Throughout the Relevant Time Period, Simplicity has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

**(d) Statutory Employers**

26.

Throughout the Relevant Time Period, Rachel was an owner and manager of Simplicity.

27.

Throughout the Relevant Time Period, Rachel exercised operational control over Houston's work activities.

28.

Throughout the Relevant Time Period, Rachel managed the day-to-day operation of the Simplicity facility for which Houston worked.

29.

Throughout the Relevant Time Period, Simplicity vested Rachel with supervisory authority over Houston.

30.

Throughout the Relevant Time Period, Rachel exercised supervisory authority over Houston.

31.

Throughout the Relevant Time Period, Rachel scheduled Houston's working hours or supervised the scheduling of Houston's working hours.

32.

At all times during the Relevant Time Period, Rachel exercised authority and supervision over Houston's compensation.

**(e) No FLSA Exemptions are Applicable**

33.

At all times material hereto, Houston was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

34.

Throughout the Relevant Time Period, Houston was not exempt from the maximum hour requirements of the FLSA by reason of any FLSA exemption.

35.

Throughout the Relevant Time Period, Simplicity did not employ Houston in a bona fide professional capacity within the meaning of 29 USC § 213 (a)(1).

36.

At all times during the Relevant Time Period, Simplicity did not employ Houston in a bona fide administrative capacity within the meaning of 29 USC § 213 (a)(1).

37.

Throughout the Relevant Time Period, Simplicity did not employ Houston in a bona fide executive capacity within the meaning of 29 USC § 213 (a)(1).

38.

Throughout the Relevant Time Period, Houston did not supervise two or more employees.

39.

Throughout the Relevant Time Period, Simplicity did not employ Houston in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a)(1).

**(f) Additional Factual Allegations**

40.

Simplicity employed Houston as a certified nursing assistant.

41.

Houston's primary duties included, but were not limited to, driving between patient residences, documenting clients' blood pressure, temperature, and changes in routine; performing light housekeeping and cooking duties; and reminding clients to take their medication(s).

42.

Throughout the Relevant Time Period, Simplicity regularly assigned Houston to provide services to 3-5 patients in their residences.

43.

Throughout the Relevant Time Period, Simplicity failed to treat the time Houston spent traveling between patients' residences as compensable.

44.

Throughout the Relevant Time Period, Simplicity only considered the time that she was physically with a patient at the patient's residence as compensable.

45.

Throughout the Relevant Time Period, Simplicity failed to compensate Houston for the time she spent driving between client residences during each workday.

46.

Simplicity failed to pay Houston any wages at all for the last week she worked on behalf of Simplicity, *i.e.,* from December 27, 2021 through December 31, 2021.

47.

Throughout the Relevant Time Period, Defendants were aware of the actual number of hours Houston worked during each work week.

48.

Defendants knew or should have known that the FLSA applied to Houston.

49.

Section 6 of the FLSA (29 U.S.C. § 206) requires that Simplicity compensate Houston at a rate of no less than $7.25 per hour for every hour worked in a work week.

50.

Defendants knew or should have known that the Section 6 of the FLSA requires that Simplicity compensate Houston at a rate of at least $7.25 per hour for every hour worked in a work week.

51.

On certain weeks within the Relevant Time Period, Simplicity failed to compensate Houston at a rate of $7.25 per hour for each hour she worked.

52.

On certain weeks within the Relevant Time Period, Simplicity willfully failed to compensate Houston at a rate of $7.25 per hour for each hour she worked.

53.

Section 7 of the FLSA, 29 U.S.C. § 207, requires that Simplicity compensate Houston at a rate of one–and–one–half times her regular rate for all time worked in excess of forty (40) hours in a work week.

54.

Defendants knew or should have known that the Section 7 of the FLSA requires that Simplicity compensate Houston a premium for all time worked in excess of forty hours in a given workweek.

55.

Throughout the Relevant Time Period, Houston regularly worked more than forty (40) hours during a workweek.

56.

Throughout the Relevant Time Period, all of Houston's working efforts were directed at serving Simplicity's customers.

57.

Throughout the Relevant Time Period, Defendants failed to pay Houston at one-and-one-half times her regular rate for time worked in excess of forty (40) hours in any and all workweeks.

58.

Defendants failed to pay Houston at all for her last week of work from approximately December 27, 2021 through December 31, 2021.

### COUNT 1 - FAILURE TO PAY MINIMUM WAGE AGAINST ALL DEFENDANTS

59.

The allegations in paragraphs 1-58 above are incorporated herein by reference.

60.

At all times material hereto, Houston has been an employee covered by the FLSA and entitled to the minimum wage protections set forth 29 U.S.C. § 206(a).

61.

On certain weeks within the Relevant Time Period, Defendants failed to compensate Houston at an hourly rate above or equal to the minimum wage as established in accordance with Section 6 of the FLSA.

62.

During the period from approximately December 27, 2021 through December 31, 2021, Defendants failed to pay Houston any wages whatsoever.

63.

On certain weeks within the Relevant Time Period, Defendants willfully failed to compensate Houston at an hourly rate above or equal to the minimum wage as established in accordance with Section 6 of the FLSA.

64.

As a result of the underpayment of minimum wages as alleged above, Defendants are jointly and severally liable to Houston for unpaid minimum wages in an amount to be determined at trial, in accordance with 29 U.S.C. § 216(b).

65.

As a result of the willful underpayment of minimum wages as alleged above, Defendants are jointly and severally liable to Houston for liquidated damages in accordance with 29 U.S.C. § 216(b).

66.

As a result of the willful underpayment of minimum wages as alleged above, Defendants are jointly and severally liable to Houston for reimbursement of her costs of litigation, including her reasonable attorneys' fees, pursuant to 29 U.S.C. § 216(b).

## COUNT 2 - FAILURE TO PAY OVERTIME AGAINST ALL DEFENDANTS

67.

The allegations in paragraphs 1-66 above are incorporated herein by reference.

68.

Throughout the Relevant Time Period, Houston was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

69.

Throughout the Relevant Time Period, Houston regularly worked in Defendants' employ in excess of forty (40) hours during each work week.

70.

Throughout the Relevant Time Period, Defendants failed to pay Houston at one-and-one-half times her regular rate for time worked in excess of forty (40) hours during each work week.

71.

Throughout the Relevant Time Period, Defendants willfully failed to pay Houston at one–and–one–half times her regular rate for work in excess of forty (40) hours during each work week.

72.

Defendants are jointly and severally liable to Houston for due but unpaid overtime in an amount to be determined at trial, in accordance with 29 U.S.C. § 216(b).

73.

Defendants are jointly and severally liable to Houston for liquidated damages in accordance with 29 U.S.C. § 216(b).

74.

As a result of the underpayment of overtime compensation as alleged above, Houston is entitled to her litigation costs, including her reasonable attorneys' fees in accordance with 29 U.S.C. § 216(b).

### COUNT 3 - BREACH OF CONTRACT

75.

The allegations in paragraphs 1-74 above are incorporated by reference.

76.

Houston and Simplicity were parties to a contract of employment (hereafter "the Contract") from on or about March 1, 2020 through December 31, 2021.

77.

The Contract provided that Simplicity would pay Houston for work that was performed by Houston on behalf of and for the benefit of Simplicity.

78.

Simplicity's failure to pay Houston for work performed during her last week of employment constitutes a material breach of the Contract.

79.

As the direct and foreseeable result of this breach, Houston has sustained and continues to sustain damages in an amount to be proved at trial.

### COUNT 4 – QUANTUM MERUIT

80.

The allegations in paragraphs 1-79 above are incorporated by reference.

81.

From on or about March 1, 2020 through December 31, 2021, Houston served as a certified nursing assistant for Simplicity.

82.

Houston's service as a certified nursing assistant for Simplicity as described above was valuable to Defendant Simplicity.

83.

Simplicity requested Houston's service as a certified nursing assistant.

84.

Simplicity knowingly accepted Houston's service as a certified nursing assistant.

85.

The receipt of Houston's services as a certified nursing assistant for Simplicity without compensation would be unjust.

86.

Houston expected to be compensated at the time she provided her services as a certified nursing assistant.

87.

Houston is entitled to a recover from Simplicity the reasonable value of the service she provided as a certified nursing assistant for Simplicity, in an amount to be determined at trial.

### COUNT 5 - PROMISSORY ESTOPPEL AS TO DEFENDANT SIMPLICITY

88.

The allegations in paragraphs 1-87 above are incorporated by reference.

89.

From in or about March 2020, Simplicity promised to pay Houston in return for her service as a certified nursing assistant for it.

90.

Simplicity should have reasonably expected that Houston would induce action in reliance of said promise, i.e., serve as a certified nursing assistant for Defendant.

91.

Simplicity's promise induced Houston to act in reliance thereof, i.e., to serve as a certified nursing assistant for Defendant, to her detriment.

92.

Houston's service as a certified nursing assistant for Simplicity conferred a benefit on Defendant.

93.

Simplicity failed to pay Houston in accordance with their promise.

94.

Houston relied on Defendant's promise.

95.

Houston's reliance on Defendant's promise was reasonable.

96.

Injustice can only be avoided by enforcement of Defendant's promise.

97.

Houston is entitled to a recover from Simplicity the reasonable value of the services she provided as a certified nursing assistant for Defendant during her last week of employment, in an amount to be determined at trial.

WHEREFORE, Houston respectfully prays:

1. That she be awarded judgment against Defendants for due but unpaid minimum wages in an amount to be determined at trial against Defendants, jointly and severally;

2. That she be awarded judgment against Defendants due but unpaid overtime compensation in an amount to be determined at trial against Defendants, jointly and severally;

3. That she be awarded liquidated damages against Defendants, jointly and severally;

4. That she be awarded damages in an amount to be proved at trial against Defendant Simplicity for the state law claims herein asserted in amounts to be proven at trial;

5. That she be awarded reimbursement of her costs of litigation, including her reasonable attorneys' fees from Defendants, jointly and severally pursuant to 29 U.S.C. § 216(b);

6. That she be awarded nominal damages; and

7. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

101 MARIETTA STREET
SUITE 2650
ATLANTA, GEORGIA 30303
(404) 979-3150
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

***DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC***

*/s/Kevin D. Fitzpatrick, Jr.*
KEVIN D. FITZPATRICK, JR.
GA. BAR NO. 262375

*/s/Charles R. Bridgers*
CHARLES R. BRIDGERS
GA. BAR NO. 080791